**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | |
|---|---|
| ANTHONY THOMAS, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:04-628-MBS-BM |
| | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| THE UNIVERSITY OF SOUTH CAROLINA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This action was filed by the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., alleging employment discrimination. The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on September 30, 2005. After receiving an extension of time to respond, Plaintiff filed a memorandum in opposition to the Defendant's motion on October 25, 2005, following which Defendant filed a reply memorandum on November 4, 2005. Defendant's motion is now before the Court for disposition.[1]

**Background and Evidence**[2]

Plaintiff is an African-American who began working for the Defendant in 1988 as

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2] The facts and evidence are considered and discussed hereinabove in the light most favorable to the Plaintiff, the party opposing summary judgment. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996).



1

a Trades Helper in the Renovations Department, now called the Maintenance Department. Plaintiff alleges that when he entered "Pay Band IV" in 1994, he started out at the bottom of the pay band while a white employee, Bobby Polaski, started in the middle of the pay band. Plaintiff's Deposition, pp. 27-28; see also Plaintiff's Supplemental Answers to Defendant's Interrogatories. Plaintiff also alleges that he was denied promotion to a carpentry position in February 1998, to the same position in 2002, to another carpentry position in 2003, and to yet another carpentry position in 2005, all of which were instead awarded to white employees. Plaintiff's Deposition, pp. 13-15, 21-24; Defendant's Exhibit 4.[3] Finally, Plaintiff alleges that there are three employees in his pay band performing carpentry work, but that Plaintiff, the only black employee, is the lowest paid of the group. Plaintiff's Supplemental Answers to Defendant's Interrogatories.

On or about October 5, 1999, Plaintiff as well as some other maintenance employees of the Defendant filed a joint administrative charge of discrimination with the Equal Employment Opportunity Commission (EEOC). See Plaintiff's Deposition, pp. 15-16; Defendant's Exhibit 1. The EEOC reviewed these complaints, which alleged discrimination between August 19, 1997 and October 1, 1999, for each individual listed on the administrative charge. Id. After Plaintiff's receipt of a right to sue letter on May 21, 2001; see Plaintiff's Deposition, pp. 20-21; Defendant's Exhibit 3; this action was filed in the United States District Court asserting claims for disparate treatment race discrimination.[4]

---

[3] Plaintiff also testified that he wanted a job promotion in 1999, which went to an employee named "Tim". However, he acknowledged that he did not apply for that promotion; Plaintiff's Deposition, p. 22-23; and does not mention this position as being one of his claims in his response to Defendant's Supplemental Interrogatories.

[4] Plaintiff initially filed a joint lawsuit together with the other maintenance employees. That
(continued...)

2



**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.

**I.**

**(Time Barred Claims)**

Defendant first argues that Plaintiff's promotion claim from February 1998 as well as his pay claim from 1994 should be dismissed because these claims are time barred. After careful consideration of the arguments and exhibits presented, the undersigned is constrained to agree. Title VII requires that a claimant file a charge of discrimination with the EEOC within one hundred and eighty (180) days of the alleged discriminatory act or acts, or, if the alleged discrimination occurred in a "deferral state", within three hundred (300) days from the alleged discriminatory act or acts if the claimant initially institutes proceedings with the appropriate state agency, or within thirty (30) days of the state agency's termination of its proceedings, whichever is earlier. See 42 U.S.C. § 2000e-5(e).

Here, it is undisputed that South Carolina is a deferral state, and that the South

---

[4](...continued)
initial action was subsequently withdrawn so that each Plaintiff could separately pursue their own individual claims in this Court.



Carolina Human Affairs Commission (SCHAC) is the appropriate state agency for purposes of initiating state proceedings. The record reflects that Plaintiff's administrative charge was forwarded to SCHAC by the EEOC on or about October 16, 1999, although it was investigated by the EEOC pursuant to a "work sharing agreement." Plaintiff's Deposition, Defendant's Exhibit 1. Therefore, Plaintiff had three hundred (300) days to file his administrative charge following a discriminatory act, and a failure by the Plaintiff to do so bars him from pursing a Title VII lawsuit in this Court with respect to any alleged discriminatory act which falls outside of this three hundred (300) day period. United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979); Mickel v. South Carolina State Employment Serv., 377 F.2d 239, 242 (4th Cir. 1967); see National RR Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002).[5]

Based on Plaintiff's administrative charge filing date of October 5, 1999, any separate and distinct discrimination claims occurring prior to December 9, 1998 would not be actionable. Williams, 370 F.3d at 429; Morgan, 536 U.S. at 114. Here, Plaintiff testified that he failed to receive a promotion he applied for in February 1998, and was subjected to salary

---

[5]A claimant may in some circumstances include claims beyond this three hundred (300) day period where the Defendant's conduct is deemed to be a "continuing violation." However, under the applicable caselaw, separate and distinct acts are not considered as part of a "continuing violation" together with any prior (and untimely) allegedly discriminatory decisions which involved the same claimant. See Morgan, 536 U.S. at 117 [finding that "discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'," and prior discrete discriminatory acts which are not filed within the 300 day time limit "are untimely filed and no longer actionable."]; Williams v. Giant Food, Inc., 370 F.3d 423, 429 (4th Cir. 2004) [continuing violation doctrine does not apply to a failure to promote claim, as a promotion decision is a discreet act of discrimination]; cf. Huckabay v. Moore, 142 F.3d 233, 239 (5th Cir. 1998) [distinguishing applicability of the continuing violation theory to hostile work environment claims, for which it may be used, from other types of claims, such as failure to promote].

4



discrimination in 1994.  Plaintiff's Deposition, pp. 13-15, 27-28.  Plaintiff's promotion claim is clearly a separate and distinct act for purposes of a Title VII action under Williams and Morgan. With respect to Plaintiff's "pay band" claim from 1994, although salary discrimination can be considered a continuing violation in some cases; Brinkley-Obu v. Hughes Training, Inc., 36 F.3d 336, 345-348 (4th Cir. 1994); that would not be the case here since Plaintiff had knowledge of the alleged discriminatory act well before the 300 day deadline. Plaintiff's Deposition, pp. 27-28.  See Becker v. Gannett Satellite Information Network, Inc., 10 Fed. Appx. 135, 139-140 (4th Cir. 2001); Morgan, 536 U.S. at 114 [holding that "salary discrimination" can be a discrete act]; Dasgupta v. University of Wisconsin Bd. of Regents, 121 F.3d 1138, 1140 (7th Cir. 1997) [pay claim barred by statute of limitations because it derived from a decision about base pay made at the commencement of plaintiff's employment]; Miller v. American Family Mutual Ins. Co., 203 F.3d 997, 1004 (7th Cir. 2000) [even though alleged discriminatory pay practice continued into limitations period, plaintiff was aware of alleged pay inequality well before then and therefore could not rely on the continuing violation theory].

        Therefore, as these claims fall outside of the applicable three hundred (300) day claim period, they  may not ordinarily be considered by this Court. While Plaintiff advances two arguments as to why these claims should be considered notwithstanding the three hundred (300) day time bar; hostile work environment and equitable estoppel; for the reasons set forth hereinbelow, the undersigned does not find that either of these arguments has any merit.[6]

---

[6]Plaintiff also refers in his memorandum to claims of other individuals who worked for the Defendant.  However, the previous multi-Plaintiff case was dismissed specifically so that each Plaintiff could pursue their own, *individual*, claim against this Defendant.  Neither this action, or even the prior multi-Plaintiff action, is or ever was a class action. Honor v. Booz-Allen & Hamilton,
(continued...)



First, Plaintiff has not set forth a claim of hostile work environment in this case. Plaintiff has testified only to alleged incidents of pay disparity and of having been denied promotions. Pursuant to this Court's order of February 15, 2005, Plaintiff was required to specifically identify the claim or claims he was asserting in this lawsuit, and no evidence, exhibits, or information has been submitted to this Court to show that any hostile work environment claim was being asserted by this Plaintiff. Plaintiff cannot now change his theory of recovery, nor is the Defendant required to defend a claim which essentially becomes a "moving target" depending on the facts and arguments presented.

In any event, even if Plaintiff had asserted a hostile work environment claim in this case, "[i]ncidents outside of the statutory window are [nevertheless] time-barred unless they can be related to a timely incident as a 'series of separate but related acts' amounting to a continuing violation". Beall v. Abbott Laboratories, 130 F.3d 614, 620 (4th Cir. 1997), (citing Jenkins v. Home Ins. Co., 635 F.2d 310, 312 (4th Cir. 1980)); Morgan, 536 U.S. at 105 ["[C]onsideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as any act contributing to that hostile work environment takes place within the statutory time period."]; Huckabay, 142 F.3d at 239. Plaintiff has identified no specific act contributing to any hostile work environment that took place within the statutory time period.

---

$^6$(...continued)
Inc., 383 F.3d 180, 190 (4th Cir. 2004) ["[A]n individual plaintiff in a private, non-class action alleging employment discrimination is not litigating common questions of fact, but the discrete question of whether the employer discriminated against the plaintiff in a specific instance."], (quoting Lowery v. Circuit City Stores, Inc., 158 F.3d 742, 761 (4th Cir. 1998)).

6



As for equitable estoppel, Plaintiff argues in his brief that "since the University let this Plaintiff and others similarly situated go through a seemingly endless labyrinth of complaints with no meaningful response, the Court should apply the equitable doctrine of estoppel as outlined by the Supreme Court in [Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982)]." Plaintiff's Memorandum, p. 8. However, Plaintiff has pointed to no exhibits or even argument to support this general and conclusory statement, and the Court cannot not allow Plaintiff's Title VII claim to proceed based on such an unsubstantiated statement. See Estrella v. Bryant, 682 F.2d 814, 819 (9th Cir. 1982) [legal memoranda are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment]; Gans v. Gray, 612 F.Supp. 608, 619 (E.D.Pa. 1985) [mere statements made in counsel's briefs are not evidence for the purpose of supporting or opposing a motion for summary judgment]; cf Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995) [counsel's statements are not evidence].

"Equitable relief is reserved for only the most deserving complainants," usually where there exists affirmative misconduct. Polsby v. Chase, 970 F.2d 1360, 1363 (4th Cir. 1992), vacated on other grounds, 113 S.Ct. 1940 (1993)

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

Polsby, 970 F.2d at 1363, (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Here, as noted, Plaintiff has presented no evidence whatsoever to show that he is entitled to equitable estoppel in this case. Ramirez v. City of San Antonio, 312 F.3d 178, 183 (5th Cir.

7



2002) ["The party who invokes equitable tolling bears the burden of demonstrating that it applies in his case."]; see also Madison v. St. Joseph Hospital, 949 F.Supp. 953, 960 (D.N.H. 1996).

In reaching the conclusion set forth herein, the undersigned is not signaling a lack of concern over Plaintiff's claims. However, the Fourth Circuit has strictly construed the statutory filing requirements for Title VII cases, holding that "[p]rocedural requirements…for gaining access to the…courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Polsby, 970 F.2d at 1364, vacated on other grounds, 113 S.Ct. 1940 (1993), (quoting Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984)); see Poteat v. Mack Trucks Inc., No. 96-1437 1997 WL 33117, **4 (4th Cir. January 28, 1997); Chappell v. Emco Machine Works Co., 601 F.2d 1295, 1303 (5th Cir. 1979). Since Plaintiff failed to file his administrative charge within three hundred (300) days of these discrimination claims, and in light of the applicable caselaw and statutory requirements, the undersigned has no choice but to find that these claims are time barred, and are therefore subject to dismissal.

## II.

### (Claims that have not been Exhausted)

With respect to Plaintiff's claims that he has been improperly denied promotions in 2002, 2003, and 2005, as well as his claim that he is the lowest paid employee in his carpentry group, Defendant argues that these claims are subject to dismissal for failure of the Plaintiff to exhaust his administrative remedies with respect to these claims. The undersigned agrees, at least with respect to Plaintiff's promotion claims. Title VII requires, as a prerequisite to suit, that a plaintiff first exhaust his administrative remedies by filing a charge of discrimination covering the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). Under the applicable caselaw,

8



each of these claims, with the possible exception of Plaintiff's pay claim, is a separate, distinct claim requiring exhaustion of administrative remedies. Morgan, 536 U.S. at 110; see Romero-Ostolaza v. Ridge, 370 F.Supp.2d 139, 149 (D.D.C. 2005) ["Morgan has, on the whole, been understood to also bar discrete acts occurring after the time period, after the filing of an administrative complaint, when a plaintiff does not file a new complaint or amend the old complaint but instead presents these acts for the first time in federal court"]; Martinez v. Potter, 347 F.3d 1208, 1210-1211 (10th Cir. 2003) ["[T]he [Morgan] rule is equally applicable…to discrete claims based on incidents occurring *after* the filing of [an] EEO complaint."] (emphasis in original). Failure to comply with this requirement bars a plaintiff from pursuing a lawsuit under this statute with respect to any such unexhausted claim. United Black Fire Fighters of Norfolk, 604 F.2d at 847.

Plaintiff's three promotion claims all occurred well after the administrative charge was filed in this case, and also well after Plaintiff received his right to sue letter and filed his original lawsuit. Further, Plaintiff's current Complaint, which was filed in March 2004, makes no reference whatsoever to the promotion claims from 2002 and 2003. The fact that Plaintiff had previously filed an administrative charge asserting that he had been denied promotions does not mean that he can automatically litigate a promotion claim(s) occurring subsequent to the filing of that administrative charge, particularly when the investigation and disposition of that administrative charge had been conducted and the right to sue letter issued well before this subsequently occurring event. Romero-Ostolaza, 370 F.Supp.2d at 149; Martinez, 347 F.3d at 1210-1211. Plaintiff is also not entitled to any equitable relief with respect to these claims. See Section I, supra.



The burden of proving satisfaction of administrative requirements falls on the Plaintiff. Williams v. Enterprise Leasing Co. of Norfolk/Richmond, 911 F.Supp. 988, 993 (E.D.Va. 1995). Since exhaustion of administrative remedies is a prerequisite for filing suit under Title VII, and Plaintiff failed to exhaust his administrative remedies with respect to his promotion claims from 2002, 2003, and 2005, his claims relating to these events must be dismissed.

### III.

### (Potential Exhausted Pay Claim)

Although set forth in only the most general of terms, it is conceivable that Plaintiff's claim that he is the lowest paid member of his carpentry group could be a prior claim encompassing the period of time covered by Plaintiff's administrative charge. However, even assuming consideration of this pay claim is appropriate, Plaintiff has failed to establish liability under Title VII with respect to this claim.

In order to survive summary judgment on this claim, Plaintiff would need to show that he received less pay than similarly situated employees outside of his protected class. Houck v. Virginia Polytechnic Institute and State University, 10 F.3d 204, 206 (4th Cir. 1993) [Plaintiff must show he receives less pay than a co-employee, outside of his protected class, performing work substantially equal in skill, effort, and responsibility under similar working conditions.]; Ogden v. Keystone Residence, 226 F.Supp.2d 588, 602 (M.D.Pa. 2002); Bryant v. Bell Atlantic Maryland, Inc., 288 F.3d 124, 134 (4th Cir. 2002). Here, however, other than the general and conclusory statement in his response to Defendant's interrogatories that he receives less pay than the other members of his carpentry group, no evidence has been presented with respect to this claim. Specifically, there has been no evidence to show who these other employees are, what

10



their work experience is or what their qualifications were, or even what their races are. Taylor v. Northeast Illinois Regional RR Corp., No. 01-6319, 2004 WL 635058, *5-6 (N.D.Ill. March 30, 2004) [summary judgment granted where plaintiff failed to offer any admissible evidence of discrimination]. Plaintiff cites no evidence in his brief to support this claim, and Rule 56 does not impose upon the District Court a duty to sift through the record in search of evidence to support a litigant's arguments on summary judgment. Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994), cert. denied, 115 S.Ct. 195 (1994); Malina v. Baltimore Gas & Elec., 18 F.Supp.2d 596, 604 (D.Md. 1998); Hayes v. North State Law Enforcement Officers Ass'n, 10 F.3d 207, 215 (4th Cir. 1993), cert. denied sub nom, Price v. City of Charlotte, 420 U.S. 1116 (1997).

In sum, Plaintiff's own self-serving and conclusory statement that he is being discriminated against in terms of pay when compared with these other employees, without any evidentiary support, is not sufficient to survive summary judgment on this claim. See Contemporary Mission v. United States Postal Serv., 648 F.2d 97, 107, n.14 (2d Cir. 1981) [An "opposing party's facts must be material and of a substantial nature, not fanciful,...conjectural, speculative, nor merely suspicions"] (internal citations and quotation marks omitted); Kulak v. City of New York, 88 F.3d 63, 71 (2nd Cir. 1996) ["conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment"]; Nicolo v. Philip Morris, Inc., 201 F.3d 29, 33 (1st Cir. 2000) [Conjectural allegations and conclusory assertions do not suffice to establish a genuine issue of fact]; Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) [A party opposing summary judgment "cannot create a general issue of fact through mere speculation or by the building of one inference upon another."]. Therefore, even assuming this claim has been properly exhausted, it is subject to dismissal on the merits.

11



**Conclusion**

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted**, and that this case be **dismissed**.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 8, 2006

